**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| J&B REALTY ASSOCIATES, LLC, | : | CIVIL ACTION NO. 11-2885 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| HH&P MANUFACTURING, LLC, | : | |
| Defendant. | : | |

**THE PLAINTIFF**, J&B Realty Associates, LLC ("JBR"), brought this action on May 20, 2011, to recover damages for breach of a lease against the defendant, HH&P Manufacturing, LLC ("HHP"), and asserts jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Compl.)[1] The Court will dismiss the Complaint without prejudice. See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**JBR** has failed to properly allege its own citizenship and HHP's citizenship. JBR merely alleges that it "is a limited liability company of the State of New Jersey, with its principal place of business located [in] New Jersey", and that HHP is a "Wisconsin limited liability compan[y] with an address [in] New Wisconsin". (Compl. at 1.) Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business.

---

[1] The actual name of the defendant is not clear.

Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010). The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship. Id. at 420. The name and citizenship of each member must be specifically alleged. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").

**JBR** has failed to show that it is deemed to be a citizen of a different state in relation to HHP. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant). Thus, the Court will dismiss the Complaint, but will do so without prejudice to JBR to either – within thirty days – (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating its own citizenship and HHP's citizenship. If JBR opts to move to

2

reopen, then it does so at its own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**JBR** is advised – if it opts to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing". Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004). Thus, JBR must properly (1) list and analyze the citizenship of each member within JBR as it existed on May 20, 2011, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of JBR's structure, (2) list and analyze the citizenship of each member within HHP as it existed on May 20, 2011, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of HHP's structure, and (3) show that there is jurisdiction under Section 1332. The Court advises JBR that it must specifically assert citizenship as it existed on May 20, 2011.

**THE COURT** cautions JBR — if it opts to move to reopen — against restating the allegations from the Complaint. The Court advises JBR that an allegation as to where any party or member resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277

Fed.Appx. 160, 162 (3d Cir. 2008). The Court advises JBR that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than Wisconsin"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as JBR should have ascertained jurisdiction before choosing to bring an action in federal court. See Freedman, 180 Fed.Appx. at 320. As JBR is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**THE COURT** further advises JBR — if it opts to move to reopen — to refrain from asserting confidentiality for any membership layer. See Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (stating such details cannot be kept confidential from the judiciary); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies").

**THE COURT** will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Dated: May 23, 2011